UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ROBERT BEATTY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CAUSE NO.  3:05-CV-632 |
| v. ) | |
| ) | |
| **MICHAEL HURST,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION and ORDER

Robert Beatty, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipses omitted).

Mr. Beatty alleges that the defendants violated his Fourteenth Amendment due process rights when they failed to respond to his Access to Public Records request. To proceed, Mr. Beatty must allege a deprivation of a federal right. However, violations of Indiana's Access to Public Records Act do not allege a deprivation of any federal right. *See DeHarder Inv. Corp. v. Ind. Hous. Fin. Auth.*, 909 F. Supp. 606, 618 (S.D. Ind. 1995).

"[W]hen all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Assoc'd Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Mr. Beatty's only claim is that alleging a violation of Indiana's Access to Public Records Act. His claim fails to state a claim upon which relief could be granted.

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

**ENTER:** April 10, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT