UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT BEATTY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:05-CV-632 JM |
|  | ) |  |
| MICHAEL HURST, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Robert Beatty submitted a Motion for Reconsideration on April 28, 2006. Mr. Beatty's motion asks the court to reconsider its order dismissing his complaint alleging that the defendants violated his Fourteenth Amendment due process rights when they failed to respond to his Access to Public Records request. The complaint was dismissed because Mr. Beatty's complaint failed to allege a deprivation of a federal right.

Mr. Beatty concedes the dismissal of Curtis Hill and Mr. Maciejczyk on the basis that challenges to Indiana's Access to Public Records Act do not allege a deprivation of any federal right. He disputes the dismissal as to the remaining defendants on the grounds that they discriminated against him because he is a prisoner in violation of his Equal Protection rights. For the sake of clarity, the court will analyze Mr. Beatty's Equal Protection claim.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion

under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Beatty alleges that he has been discriminated against by the defendants because he is a prisoner. He seeks monetary damages.

## EQUAL PROTECTION

Mr. Beatty alleges his equal protection rights were violated when he was discriminated against. The Equal Protection Clause provides that "no State shall ... deny to any persons within its jurisdiction the equal protection of laws." In so providing, "the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "Prisoners are not a suspect class; conviction of crime justifies the imposition of many burdens. *See, e.g., Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1

2

(2003) (public identification as a felon); *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (occupational debarment)." *Johnson v. Daley,* 339 F.3d 582, 586 (7th Cir. 2003).

Because Mr. Beatty does not allege that he was discriminated against based on his race, or based on any other protected class, he raises this claim as a "class of one". *See also Lauth v. McCollum*, 424 F.3d 631 (7th Cir. 2005)(The paradigmatic "class of one" case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen); *Crowley v. McKinney*, 400 F.3d 965 (7th Cir. 2005); *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677 (7th Cir. 2005).

A plaintiff raising a "class of one" claim must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). But the equal protection clause does not require absolute equality or precisely equal advantages, *McCalvin v. Fairman* ,603 F.Supp. 342, 346 (C.D. Ill. 1985), citing *French v. Heyne*, 547 F.2d 994, 997 (7th Cir. 1976). Mr. Beatty has not alleged that he was treated differently than anyone else, only that the defendants refused to enforce Indiana's Access to Public Records Act ("APRA"). Challenges to the APRA, or violations of the APRA, do not allege a deprivation of any federal right. Mr. Beatty has not alleged that he was discriminated against as a member of a protected class, nor as a class of one. Accordingly, his complaint does not allege a violation of the equal protection clause.

For the foregoing reasons, the court **DENIES** the motion for reconsideration (docket # 12).

**SO ORDERED.**

ENTER: June 13, 2006

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT